UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>      Plaintiff, )<br>            )<br>-v-           )<br>            )<br>SARAH JOY MCBRIDE,  )<br>      Defendant. )<br>            ) | No. 1:20-cr-69-07<br><br>Honorable Paul L. Maloney |

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Defendant McBride filed a motion seeking a sentence reduction under the compassionate release provision of 18 U.S.C. § 3582(c). (ECF Nos. 347 and 351.) The Court will deny the motion.

The government charged Defendant with participating in a conspiracy to distribute and to possess with the intent to distribute controlled substances, including methamphetamine. In October 2020, Defendant pled guilty to the charge. In February 2021, the Court sentenced Defendant to 37 months imprisonment. The Court permitted Defendant to self surrender to the designated facility. Defendant became pregnant likely after sentencing and before the time she reported to the designated facility on May 4, 2021. Defendant is currently housed in a residential program, Mothers and Infants Together (MINT), and her child is due in January 2022. Defendant was offered the Pfizer vaccine in May 2021 and refused it. At this point, Defendant has served less than twenty-five percent of her sentence.

Defendant identifies several reasons as part of her request for a reduction in sentence. Her physical conditions elevate the risk to her health should she become infected with COVID-19. These conditions include pregnancy, obesity and her status as a former smoker. She also asks the Court to consider her family situation. The father of her other children has passed away and those children are currently being taken care of by her boyfriend who is the father of her unborn child.

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011); *see United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010). In the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A)(i), the provision authorizing compassionate release. Prior to the amendments, only the BOP could file a motion with the Court seeking compassionate release. *See, e.g., Crowe v. United States*, 430 F. App'x 484, 484-85 (6th Cir. 2011) (per curiam). As amended, the statute now permits prisoners to file a motion with the court, subject to certain limitations. The statute allows a prisoner to seek relief in the courts "after the defendant has exhausted all administrative rights to appeal a failure by the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.SC. § 3582(c)(1)(A). The Sixth Circuit interprets the exhaustion requirement as a mandatory claims-processing requirement. *United States v. Alam*, 690 F.3d 831, 833 (6th Cir. 2020).

The compassionate release provision requires (1) a finding of "extraordinary and compelling reasons," for a sentence reduction, (2) a finding that the reduction is consistent with applicable Sentencing Commission policy statements, and (3) a consideration the factors set forth in § 3553(a).  18 U.S.C. § 3582(c)(1)(A); *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020); *United States v. Ruffin*, 978 F.3d 1000, 1004-05 (6th Cir. 2020).  In *Jones*, the Sixth Circuit found that the policy statement issued by the Sentencing Commission, § 1B1.13, is not applicable to motions filed by prisoners.  *Jones*, 980 F.3d at 1110.  The court stated that, until the Sentencing Commission updates its policy statement to reflect the First Step Act, district courts may "skip" step two of the inquiry.  *Id.* at 1111.  The decision to grant or deny a motion for compassionate release falls within the district court's discretion.  *Id.* at 1112.

Defendant has exhausted her administrative remedies.  Defendant requested and was denied a compassionate release by the warden at FCI Greenville in July 2021.

Defendant has not established extraordinary and compelling reasons for a reduction in sentence.  First, the Sixth Circuit has held that "access to the COVID-19 vaccine substantially undermines [a defendant's] request for a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021).  Where "an inmate does not present a compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by granting a motion seeking a sentence reduction under § 3582(c)(1)(A)(i) on the grounds that COVID-19 constitutes an extraordinary and compelling justification."  *Id.* (citations omitted).  Second, Defendant's family situation does not justify a reduction in her sentence.  Even if the Court were to conclude that the situation

was compelling, the statute requires both extraordinary *and* compelling. While both difficult and unfortunate, Defendant's family situation is hardly extraordinary. And, Defendant's choices certainly contributed if not created the present situation where she cannot be available for her children.

Finally, the Court concludes that the § 3553(a) factors do not weigh in favor of a reduction in sentence. The Court notes that Defendant has not address the § 3553(a) factors. The conspiracy in which Defendant participated involved state prisoners and it likely compromised the security of some state prison facilities. Reducing Defendant's sentence when she served only about twenty-five percent of the term would undermine the seriousness of the crime and would also undermine the deterrent element of the sentence imposed.

For these reasons, the Court **DENIES** Defendant's motion for a compassionate release reduction in sentence. (ECF Nos. 347 and 351.) **IT IS SO ORDERED.**

Date:   December 14, 2021                                   /s/ Paul L. Maloney
                                                                Paul L. Maloney
                                                    United States District Judge